# EXHIBIT A

FILED
MAR 25 2015
SOM/HNT/WRN

Thomas R. Curtin (Atty. ID No. 247641969)
George C. Jones (Atty. ID No. 016391978)
Brian B. McEvoy (Atty. ID No. 035442008)
**GRAHAM CURTIN**
A Professional Association
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
Telephone: (973) 292-1700
-and-
John M. Desmarais (*Pro Hac Vice* Admission Pending)
Alan S. Kellman (*Pro Hac Vice* Admission Pending)
Karim Z. Oussayef (*Pro Hac Vice* Admission Pending)
Dustin F. Guzior (*Pro Hac Vice* Admission Pending)
**Desmarais LLP**
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400

*Attorneys for LifeCell Corp.*

| | |
|---|---|
| LIFECELL CORP.,<br><br>Plaintiff,<br><br>v.<br><br>TELA BIO, INC.,<br>ANTONY KOBLISH,<br>MAARTEN PERSENAIRE,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION: SOMERSET COUNTY<br>DOCKET NO.: SOM-C-12013-15<br><br>Civil Action<br><br>**STIPULATED PROTECTIVE ORDER** |

WHEREAS, discovery in the above-captioned action may involve the disclosure of certain documents, information, or things in the possession, custody, or control of a party or a non-party that constitute or contain proprietary financial information and/or other commercially sensitive information, trade secrets, or other confidential research, development, analysis, or other confidential business information (collectively, "Confidential Material"); and

WHEREAS, the parties to this action, including any successor to a party (the "party" or "parties") have stipulated and agreed to the entry of this Stipulated Protective Order to protect against unauthorized dissemination or disclosure of Confidential Material;

IT IS on this 25 day of March, 2015, ORDERED as follows:

1. This Stipulated Protective Order applies to any document, or portion thereof, any type of evidence, and any form of discovery contemplated under Rule 4:10-2 of the New Jersey Rules of Court which, in the good-faith opinion of the party providing such material (the "producing party"), contains Confidential Material.

2. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Confidential Material, shall have the right to designate, as "Confidential" and subject to this Order, any information, document, or thing, or portion of any document or thing: (a) that contains competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) which the producing party otherwise believes in good faith to be entitled to protection under Rule 4:10-2 of the New Jersey Rules of Court.

3. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential Material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

4. Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal

information, including trade secrets, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.

5. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

6. All materials designated "Confidential" shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 7, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

7. Confidential material and the contents thereof may be disclosed only to the following individuals under the following conditions:

a. The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who either have responsibility for making business decisions concerning the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

b. In-house counsel for each of the Parties who are assisting outside counsel in the litigation of this Action;

c. Outside counsel of record (herein defined as attorneys at the outside law firms that have appeared on behalf of a party in this action);

d. Designated outside experts or consultants retained by outside counsel for purposes of this action, subject to the following procedure:

   i. The retaining party shall identify the expert to be designated and furnish all other parties with a curriculum vitae, which shall include with particularity a list of prior retentions over the past four years, and a signed copy of Exhibit A.

   ii. Should any party object to the designation, the objecting party shall, within three (3) business days, serve on the designating party a written objection to the designation, which shall describe with particularity the grounds for objection and identify a time on that day that the parties may meet and confer as to the nature of the objection. Within one (1) business day of the meet and confer, if the parties cannot reach agreement, the objecting party shall submit an emergency motion for a protective order. If the objecting party does not file such motion, the expert shall be deemed acceptable.

   iii. Should no timely objections be served, the designation shall be deemed acceptable to all parties.

e. Secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

f. The Court and court personnel;

g. Any deponent may be shown or examined on any information, document, or thing if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, or was employed by the party who produced the information, document, or thing at the time it was created such that it is reasonably likely that the employee had access to the Confidential material, or if the producing party consents to such disclosure; and

h. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, and individuals retained to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided they have first signed a non-disclosure agreement in the form attached hereto as Exhibit A.

8. Confidential material shall be used only by individuals permitted access to it under Paragraph 7. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

9. All materials designated "Attorneys' Eyes Only" shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth

in Paragraph 10, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

10. Material produced and marked as Attorneys' Eyes Only may be disclosed only to:

a. Those listed in paragraph 7c-h;

b. One (1) designated in-house counsel for each of the Parties who is assisting outside counsel in the litigation of this Action, provided that the designated in-house counsel exercises no competitive decision-making authority on behalf of the client and is not responsible for monitoring the intellectual property of LifeCell or Tela Bio or assisting in the prosecution of any patent applications on behalf of LifeCell or TELA Bio involving regenerative or reconstructive tissue products, subject to the following procedure:

i. The designating party shall identify its proposed in-house counsel and furnish all other parties with a description of that in-house counsel's role at LifeCell or Tela Bio and a signed copy of Exhibit A.

ii. Should any party object to the designation, the objecting party shall, within three (3) business days, serve on the designating party a written objection to the designation, which shall describe with particularity the grounds for objection and identify a time that the parties may meet and confer as to the nature of the objection.

iii. Should no timely objections be served, the designation shall be deemed acceptable to all parties; and

c. such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

11. Attorneys' Eyes Only materials shall be used only by individuals permitted access to them under Paragraph 10. Attorneys' Eyes Only material, copies thereof, and the information contained therein shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality expressly waives in writing the claim of confidentiality, or (b) the Court orders such disclosure after reasonable prior notice has been given to the producing party. Absent (a) or (b) above, no Attorneys' Eyes Only material may be disclosed to another individual in any manner other than as set forth in Paragraph 10. Attorneys' Eyes Only material shall be maintained by the receiving party at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Order.

12. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel shall confer in good faith in an effort to resolve the dispute.

b. If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the challenging party shall present the dispute to the Court initially by telephone or letter, before filing a formal motion for an order regarding the challenged designation. The

document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

13. If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

14. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document, or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document, or thing as Confidential or Attorneys' Eyes Only under this Stipulated Protective Order.

15. When the inadvertent or mistaken disclosure of any information, document, or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party shall immediately return the inadvertent or mistaken disclosed information to the disclosing party. Such inadvertent or mistaken disclosure of such information, document, or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the

producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

16. No information that is in the public domain or which is already known by the receiving party through proper means or which is, or becomes, available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be designated as Confidential or Attorneys' Eyes Only material under this Stipulated Protective Order.

17. This Stipulated Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Stipulated Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

18. This Stipulated Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

19. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to return or destroy all copies of documents and things containing Confidential or Attorneys' Eyes Only material and to destroy, should such source so request, all copies of Confidential or Attorneys' Eyes Only material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential or Attorneys' Eyes Only material; provided, however, that counsel may retain complete copies of all transcripts, pleadings, discovery responses, and expert reports, including any exhibits attached thereto for archival purposes, subject to the provisions of this Stipulated Protective Order. To the extent a party requests the return of any

Confidential or Attorneys' Eyes Only material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

Honorable Edward M. Coleman, P.J.Ch.

We hereby stipulate to the entry of the foregoing Stipulated Protective Order:

By:____________________
Thomas R. Curtin, Esq.
GRAHAM CURTIN, P.A.
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991

Attorneys for LifeCell Corp.

Dated: March 25, 2015

By:____________________
Joseph J. Fleischman, Esq.
Robert Mahoney, Esq.
NORRIS McLAUGHLIN & MARCUS, P.A.
721 Route 202/206, Suite 200
Bridgewater, New Jersey 08807

Michael G. Rhodes, Esq. (*pro hac vice submitted)*
Jonathan Bach, Esq. (*pro hac vice submitted*)
COOLEY LLP
1114 Avenue of the Americas
New York, New York 10036-7798

Attorneys for Defendants TELA Bio, Inc., Antony Koblish, and Maarten Persenaire

Dated: March ___, 2015

**EXHIBIT A**

| | |
|---|---|
| LIFECELL CORP.,<br><br>Plaintiff,<br><br>v.<br><br>TELA BIO, INC.,<br>ANTONY KOBLISH,<br>MAARTEN PERSENAIRE,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION: SOMERSET COUNTY<br>DOCKET NO.: SOM-C-12013-15<br><br>Civil Action<br><br>AGREEMENT TO BE BOUND BY<br>STIPULATED PROTECTIVE ORDER |

I, ______________________________, being duly sworn, state that:

1. My address is ________________________________________________.

2. My present employer is ____________________________________ and the address of my present employment is ____________________________________________.

3. My present occupation or job description is __________________________.

4. I have carefully read and understood the provisions of the Stipulated Protective Order in the above-captioned action agreed to by the parties and signed by the Court, and I will comply with all provisions of the Stipulated Protective Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any Confidential or Attorneys' Eyes Only material or any words, summaries, abstracts, or indices of Confidential or Attorneys' Eyes Only material disclosed to me.

6. I will limit use of Confidential or Attorneys' Eyes Only material disclosed to me solely for the purpose of this action.

7. By no later than the final disposition of this case, I will return all Confidential Attorneys' Eyes Only material and summaries, abstracts and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:______________________________ ________________________________________