# EXHIBIT C

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900
FACSIMILE:
(202) 326-7999

September 14, 2026

*Via Email*

Susan Musser, Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
2100 Pennsylvania Avenue N.W.
Washington, D.C. 20037

Re: *TELA Bio, Inc. v. Becton, Dickinson & Co., et al.*, No. 2:25-cv-07189 (E.D. Pa.): Letter to BD re: BD's RFP No. 46

Counsel:

I write regarding BD's Request for Production No. 46. Though that request seeks "[a]ll Documents produced and testimonies given in *LifeCell Corp. v. Tela Bio, Inc.*, No. SOM-C-12013-15 (Super. Ct. of N.J. Ch. – Somerset Cnty.)," we understand that BD now seeks only TELA Bio's interrogatory responses, testimony of TELA Bio employees, and all expert reports from the case.

As we have already explained, *LifeCell* is a more-than-decade-old case, in which LifeCell claimed that TELA Bio had stolen its trade secrets—principally, claimed secrets relating to certain production methods. The documents BD seeks are irrelevant to the claims in this case and, in fact, fall several years beyond the scope of BD's requests, which seek documents from January 2020 to present. *See* TELA Bio's Resps. & Objs. to BD's First Reqs. for Prod. at 25-26 (July 22, 2026). Even so, in the interest of compromise, we agreed to further investigate whether the requested documents still exist and explain whether and why they cannot be produced.

We understand that TELA Bio's former counsel has maintained TELA Bio's interrogatory responses, TELA Bio employees' testimony, and expert reports. But TELA Bio cannot produce those materials because it is under a duty not to disclose them. *See id*. at 2-3.

The *LifeCell* litigation ended in a confidential settlement, and the discovery materials exchanged in that case remain subject to a protective order entered by the Superior Court of New Jersey on March 25, 2015. That order, which I enclose, restricts the use and disclosure of Confidential and Attorneys' Eyes' Only material in several ways that bar production here.

Most importantly, because of the nature of LifeCell's claims, the materials BD seeks are rife with information that LifeCell designated or purported to regard as its own trade secrets. So the information BD seeks is not just irrelevant; it cannot be disclosed without an order of the

state court from those proceedings or LifeCell's agreement—plus a burdensome review for redactions to adequately protect LifeCell's asserted interest in those documents. And because so much time has passed, it will be extremely difficult, if not impossible, to parse information that TELA Bio can freely share from information that is protected from disclosure by the state court's protective order. Any production would require either LifeCell's consent or an order from the New Jersey court, which TELA Bio lacks the power to provide. *Cf.* Fed. R. Civ. P. 34(a)(1) (discovery can extend only to material in a producing party's "possession, custody, or control").

The state court's protective order includes several relevant limitations:

- **Use limitation.** Materials designated as Confidential or Attorneys' Eyes' Only can be used "solely for purposes of the prosecution or defense of" the *LifeCell* action and "shall not be used by the receiving party for any business, commercial, competitive, personal, or other purpose." LifeCell Protective Order ¶¶ 6, 9.

- **Disclosure restrictions.** Confidential materials cannot be disclosed to anyone beyond the categories of persons listed in the Order unless "outside counsel for the party asserting confidentiality waives the claim of confidentiality or . . . the Court orders such disclosure." *Id.* ¶¶ 8, 11. And because any disclosure to outside counsel is limited to the "[o]utside counsel of record" in the *LifeCell* case, *see id.* ¶ 7(c), not even TELA Bio's counsel *here*, more than ten years later, can review those materials. The LifeCell protective order does not excuse or exempt disclosures compelled by law in another proceeding.

- **Surviving obligation.** Paragraph 18 of the protective order states that its terms "shall survive the termination" of the case unless modified by a court order or a joint stipulation of the parties: LifeCell, TELA Bio, and the individual defendants.

BD claims that the LifeCell documents matter because they *might* say something about how TELA Bio or LifeCell saw the market years before TELA Bio started selling OviTex (and seeing how consumers in fact behaved). But that hypothesis is hardly probative enough to justify such burdensome discovery, particularly where the parties here have access to the subsequent decade of *actual* customer behavior through sales and transaction data, contracting documents, extensive custodial discovery, and marketing analyses from parties' and nonparties' files. To that wealth of discovery, the LifeCell documents will add virtually nothing (even on BD's own account) at enormous effort and expense. In short, "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

That said, TELA Bio offers the following compromise: If BD withdraws its request for the LifeCell documents, TELA Bio will provide a written Rule 30(b)(6) response about the effect, if any, of the LifeCell litigation and settlement on TELA Bio's ability to enter and expand as a supplier of hernia mesh. If there are other discrete subtopics BD would like the response to address, TELA Bio is glad to discuss them, as well as an appropriate number of Rule 30(b)(6) hours to be allocated to the response, through the meet-and-confer process. Please let us know BD's position on this compromise, which would provide BD the information it seeks without imposing the substantial burdens already discussed.

Sincerely,

*/s/ Matthew D. Reade*

Matthew D. Reade
*Counsel for TELA Bio, Inc.*

Enclosure