**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TELA BIO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BECTON, DICKINSON AND COMPANY; C. R. BARD, INC.; and DAVOL, INC.,<br><br>Defendants. | Case No. 2:25-cv-07189-GAW |

**PLAINTIFF TELA BIO, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PRODUCTION IN RESPONSE TO REQUEST FOR PRODUCTION NO. 46**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................ ii

INTRODUCTION ........................................ 1

BACKGROUND ........................................ 2

ARGUMENT ........................................ 3

CONCLUSION ........................................ 5

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*800537 Ontario Inc. v. Auto Enters., Inc.*,
205 F.R.D. 195 (E.D. Mich. 2000) ........................................ 4

*Allegheny Cnty. Emps.' Ret. Sys. v. Energy Transfer LP*,
2022 WL 17339035 (E.D. Pa. Nov. 30, 2022) ........................................ 3

*Alley v. MTD Prods., Inc.*,
2018 WL 4689112 (W.D. Pa. Sept. 28, 2018) ........................................ 3

*Dushkin Publ'g Grp., Inc. v. Kinko's Serv. Corp.*,
136 F.R.D. 334 (D.D.C. 1991) ........................................ 5

*Eisai Inc. v. Sanofi-Aventis U.S., LLC*,
2011 WL 5416334 (D.N.J. Nov. 7, 2011) ........................................ 3

*Elad v. NCAA*,
160 F.4th 407 (3d Cir. 2025) ........................................ 3

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
331 F.3d 1122 (9th Cir. 2003) ........................................ 5

*Gerling Int'l Ins. Co. v. Comm'r*,
839 F.2d 131 (3d Cir. 1988) ........................................ 4

*Hobley v. Burge*,
433 F.3d 946 (7th Cir. 2006) ........................................ 4

*Inventio AG v. ThyssenKrupp Elevator Americas Corp.*,
662 F. Supp. 2d 375 (D. Del. 2009) ........................................ 1, 3, 5

*LifeCell Corp. v. Tela Bio, Inc.*,
2015 WL 4082323 (N.J. Super. Ct. Ch. Div. May 12, 2015) ........................................ 2

*Multiple Energy Techs., LLC v. Under Armour, Inc.*,
2023 WL 2529187 (W.D. Pa. Feb. 21, 2023) ........................................ 3

*NCAA v. Alston*,
594 U.S. 69 (2021) ........................................ 3

*P.R. Aqueduct & Sewer Auth. v. Clow Corp.*,
111 F.R.D. 65 (D.P.R. 1986) ........................................ 1, 5

*Pansy v. Borough of Stroudsburg*,
23 F.3d 772 (3d Cir. 1994) ........................................ 1

*Wyeth v. Impax Labs.*,
248 F.R.D. 169 (D. Del. 2006) .......... 3

*Zenith Radio Corp. v. Hazeltine Rsch., Inc.*,
401 U.S. 321 (1971) .......... 4

**Rules**

Fed. R. Civ. Proc. 26 .......... 1

## INTRODUCTION

Defendants ("BD") seek the wholesale production of thousands of pages of discovery from a failed trade-secrets case that LifeCell brought against TELA Bio in 2015. But BD has not made the "specified showing" of relevance. *Inventio AG v. ThyssenKrupp Elevator Americas Corp.*, 662 F. Supp. 2d 375, 382 (D. Del. 2009). The discovery is more than a decade old and concerns even older evidence and *a different product*. Even BD says it's "clearly stale." Musser Decl. Ex. D at 3. If it describes market conditions at all, it describes them years before OviTex launched and before Becton Dickinson acquired its hernia-mesh monopolies. And the lone responsive, non-confidential document TELA has obtained and reviewed so far proves the irrelevance: LifeCell's noncompetes and TELA's stern instruction to new hires not to take trade secrets have nothing to do with this antitrust case. *See* Reade Decl. Ex. 1. Thus, the burden—litigating modifications to an ancient state-court order and reviewing thousands of pages of trade secret discovery from more than 10 years ago—far "outweighs its likely benefit," which is nonexistent. Fed. R. Civ. Proc. 26(b)(1).

BD also demands relief that the court *in its own lead case* refused to grant. *See Inventio*, 662 F. Supp. 2d at 384 (court "is without authority to alter the Protective Order entered by another court by ordering production of any documents within [its] scope"). All but admitting that problem, BD asks this Court to dragoon TELA into BD's effort to secure consent from LifeCell (and the other *LifeCell* parties) or to modify the state court's order. But while BD is free to seek LifeCell's consent or apply to the state court, TELA should not be required to surrender its own rights in *LifeCell* before the state court can weigh them. *See, e.g.*, *P.R. Aqueduct & Sewer Auth. v. Clow Corp.*, 111 F.R.D. 65, 67 (D.P.R. 1986) (refusing to order party "to cooperate with plaintiff in the seeking of a modification" of another court's sealing orders given plaintiff's right to seek that relief directly); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 790 (3d Cir. 1994) (reliance on protective order is "greater where a trade secret was involved"). BD's motion should be denied.

**BACKGROUND**

In March 2015, LifeCell sued TELA Bio and two of its founders in New Jersey state court. *LifeCell Corp. v. Tela Bio, Inc.*, No. SOM-C-12013-15 (N.J. Super. Ct. Ch. Div.) ("*LifeCell*"). It claimed that TELA had hired its personnel and taken its trade secrets to develop TELAMax, a hernia repair product. *LifeCell*, 2015 WL 4082323, at *1. After the court issued a preliminary injunction, *id.*, TELA started over and developed OviTex. Koblish Decl. ¶ 6. The parties took 71 depositions comprising more than 16,000 pages, and TELA submitted at least four expert reports. Reade Decl. ¶ 5.

LifeCell also tried to keep OviTex off the market. It bought an 18-year-old patent and then sued TELA Bio for infringement in federal court in July 2016, seeking a preliminary injunction. *See LifeCell Corp. v. TELA Bio, Inc.*, No. 1:16-cv-4158 (D.N.J.) ("*LifeCell II*"). But at the hearing, LifeCell's own witness admitted that, while negotiating to buy the patent, LifeCell simply intended to sue TELA to stop it from operating. Oct. 5, 2016 Hr'g Tr. at 499:11-22, *LifeCell II*, Dkt. 98. On the last day of the hearing, LifeCell withdrew its PI motion with prejudice. Order, *LifeCell II*, Dkt. 91. Weeks later, it dismissed all its claims in both cases on terms that allowed TELA to sell OviTex freely. Stipulated Order of Dismissal, *LifeCell II*, Dkt. No. 95. TELA was "very pleased," calling the settlement a "satisfactory resolution." Reade Decl. Ex. 2 at 1.

BD now seeks *all* of TELA's employee testimony, interrogatory responses, and expert reports from *LifeCell*. But most of that is beyond TELA's reach. Its former counsel has copies but will not release them to TELA or its counsel because they are designated under the state court's protective order and are interspersed with LifeCell's alleged trade secrets, ***regardless*** of who may have designated them. Musser Decl. Ex. A ¶¶ 6, 8-9, 11, 19; *id.* Ex. C at 1-2; *id.* Ex. E at 2, 4. And because so much time has passed, former counsel no longer has "the records needed to trace who designated what, or why," and, by extension, what TELA could freely disclose. *Id.* Ex. E. at 3.

## ARGUMENT

***The LifeCell materials are irrelevant.*** A party seeking discovery from another case must make a "specified showing" that it will have "a direct bearing on the claims and defenses asserted in the instant litigation." *Inventio*, 662 F. Supp. 2d at 382. BD has not made that showing here. In *Inventio*, even the fact that both cases were about patent infringement and involved similar patents did not suffice. *See id.* (citing *Wyeth v. Impax Labs.*, 248 F.R.D. 169, 170-71 (D. Del. 2006)). Here, BD seeks thousands of pages of discovery from a trade secrets case that ended a decade ago for an antitrust case involving different claims and conduct that harmed competition years later—without ever making the category-by-category relevance showing that the caselaw requires. *See Allegheny Cnty. Emps.' Ret. Sys. v. Energy Transfer LP*, 2022 WL 17339035, at *3, *6-7 (E.D. Pa.).[1]

Even BD admits these materials are "clearly stale." Musser Decl. Ex. D at 3. When the *LifeCell* injunction issued in 2015, OviTex had not even been developed, Koblish Decl. ¶ 6, and BD was years away from acquiring the Bard hernia-mesh business it would use to monopolize the relevant hernia-mesh markets. TELA's beliefs about markets it had not entered, with a product it had not yet developed, cannot show how customers behaved once it did—the question that matters to market definition and causation. *See Elad v. NCAA*, 160 F.4th 407, 417 (3d Cir. 2025) (antitrust analysis must look to "current market realities"); *accord NCAA v. Alston*, 594 U.S. 69, 93 (2021).

Tellingly, BD has not agreed to search custodial files or produce transaction data back to 2015. BD states (at 3) that it seeks to "shed light on TB's conduct that led to the preliminary

---

[1] *See also Multiple Energy Techs., LLC v. Under Armour, Inc.*, 2023 WL 2529187, at *7-8 (W.D. Pa.) (relying on *Allegheny* to deny request for "all written discovery and transcripts of more than a dozen witnesses who testified in another case"); *Alley v. MTD Prods., Inc.*, 2018 WL 4689112, at *3 (W.D. Pa.) (quashing request for "expert reports, deposition transcripts, and copies of all discovery requests and responses from prior litigation involving the snowblower model that injured" the requester); *Eisai Inc. v. Sanofi-Aventis U.S., LLC*, 2011 WL 5416334, at *8-9 (D.N.J.) (in antitrust case, rejecting "fishing expeditions" into another antitrust suit filed eight years earlier).

injunction" in *LifeCell*. But that is a distraction. This is an antitrust case, not a retrial of *LifeCell*—which no court ever decided on the merits and which TELA resolved favorably in 2016. *Supra* at 2. Whether LifeCell's trade-secret case had any merit ten years ago says nothing about market definition, causation, or whether BD illegally harmed competition during the four years before this suit (and continues to do so)—the real question presented here. *See Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 338 (1971).

BD's appeal (at 4 n.4) to "reciprocity" fares no better. BD seeks credit for begrudgingly agreeing to produce its studies of its 2017 acquisition of Bard, which created BD's hernia-mesh monopolies and enabled BD to bundle across product lines, that BD previously produced to the Federal Trade Commission during its antitrust investigation of the merger. But unlike the trade secret discovery BD seeks now, why BD acquired Bard's hernia-mesh business—and how BD hoped to wield it to increase its power and profits (like through bundling)—goes to anticompetitive intent, a core element of TELA's claims. *See* Compl. ¶¶ 82, 117.

***TELA does not have the LifeCell confidential materials.*** A party controls documents only if it has "the legal right to obtain the[m] on demand." *Gerling Int'l Ins. Co. v. Comm'r*, 839 F.2d 131, 140 (3d Cir. 1988) (citation modified). TELA lacks that control. It does not have the confidential *LifeCell* documents, and TELA's former counsel will not release them to TELA or its counsel here because of the state court's protective order, which bars their disclosure. Musser Decl. Ex. A ¶¶ 6, 9, 19; *id.* Ex. E at 2; *id.* Ex. C at 3 (summarizing the protective order's provisions); *see also 800537 Ontario Inc. v. Auto Enters., Inc.*, 205 F.R.D. 195, 198 (E.D. Mich. 2000) (no control where counsel refused to release material because of duty not to use it beyond another proceeding); *Hobley v. Burge*, 433 F.3d 946, 950 n.3 (7th Cir. 2006) (counsel's "independent interest" in withholding documents "would have negated" its former client's control over them).

***This Court cannot override another court's protective order.*** BD's own lead case forecloses that relief. In *Inventio*, the court held that it "is without authority to alter the Protective Order entered by another court by ordering production of *any* documents within the scope of the Protective Order." 662 F. Supp. 2d at 384 (emphasis added). The court sent the parties back to the issuing court, *id.*, observing that the party's refusal to produce material "subject to the Protective Order" was "substantially justified," *id.* at 385. Indeed, the issuing court should not only evaluate the request to modify its protective order but also "make the relevance assessment[,] for it presumably is the only court familiar with the contents of the protected discovery." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir. 2003); *see also, e.g.*, *Dushkin Publ'g Grp., Inc. v. Kinko's Serv. Corp.*, 136 F.R.D. 334, 335-36 (D.D.C. 1991) (request for modification "should be addressed to the issuing court").

***BD is free to ask the LifeCell parties or the state court for relief.*** The *LifeCell* order lifts its restrictions with the asserting party's consent or by order of the state court. Musser Decl. Ex. A ¶¶ 8, 11, 18. Yet BD has not met either prerequisite to the production of what it seeks, despite being free to do so on its own. BD claims that LifeCell is "willing[ ] to *consider* a waiver," but that uncited assertion only confirms that LifeCell has withheld its consent. Mot. at 6 n.7 (emphasis added). Unable (or unwilling) to take further steps in that regard, BD asks the Court to conscript TELA in its effort. *See* Dkt. 60-8. But courts refuse to order a party "to cooperate with" another in "seeking modification" of another court's protective order; "the proper way" to challenge that order is for BD to ask the issuing court in New Jersey. *P.R. Aqueduct*, 111 F.R.D. at 67.

## CONCLUSION

BD asks to pry open a decade-old trade-secrets record that another court has sealed, that concerns a different product, that predates TELA's market entry, and that has nothing to do with this antitrust case. The Court should deny BD's motion to compel.

Dated: November 10, 2026

Respectfully submitted,

/s/ *Matthew D. Reade*

Derek T. Ho*
Travis G. Edwards*
Matthew D. Reade*
Emily S. DeBlieux*
Rachel A. DeLisle*
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999
dho@kellogghansen.com
tedwards@kellogghansen.com
mreade@kellogghansen.com
edeblieux@kellogghansen.com
rdelisle@kellogghansen.com

Jeffrey L. Berhold*
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, Georgia 30309
Telephone: (404) 872-3800
Facsimile: (678) 868-2021
jeff@berhold.com

Richard G. Placey (Pa. Bar No. 37713)
Steven Maniloff (Pa. Bar No. 54370)
Brett M. Waldron (Pa. Bar No. 316773)
MONTGOMERY, MCCRACKEN,
WALKER & RHOADS, LLP
1735 Market Street, 20th Floor
Philadelphia, PA 19103
Telephone: (215) 772-1500
Facsimile: (215) 772-7620
rplacey@mmwr.com
smaniloff@mmwr.com
bwaldron@mmwr.com

*Admitted *pro hac vice*

*Attorneys for Plaintiff*
*TELA Bio, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on November 10, 2026, I caused this document and the accompanying declarations, exhibits, and Proposed Order to be electronically filed with the Court using CM/ECF, which will provide copies to all counsel of record.

Dated: November 10, 2026

/s/ *Matthew D. Reade*
Matthew D. Reade