**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TELA BIO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BECTON, DICKINSON AND COMPANY, C.R. BARD, INC., and DAVOL, INC.,<br><br>Defendants. | Civil Action No. 2:25-cv-07189-GAW<br><br>Hon. Gail A. Weilheimer |

**DECLARATION OF MATTHEW D. READE IN SUPPORT OF PLAINTIFF TELA BIO, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PRODUCTION IN RESPONSE TO REQUEST FOR PRODUCTION NO. 46**

I, Matthew D. Reade, declare as follows:

1. I am over 18 years of age, of sound mind, and otherwise competent to make this declaration. The evidence set out in this declaration is based on my personal knowledge.

2. I am an attorney at Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C., counsel for Plaintiff TELA Bio, Inc. in this matter. I submit this declaration in support of TELA Bio's Opposition to Defendants' Motion to Compel Production in Response to Request for Production No. 46 (Dkt. 60).

3. I have been in contact with attorneys at Duane Morris LLP, who I understand represented TELA Bio in *LifeCell Corp. v. Tela Bio, Inc.*, No. SOM-C-12013-15 (N.J. Super. Ct. Ch. Div.) ("*LifeCell*"), about BD's Request for Production No. 46. Duane Morris has declined to share any Confidential or Attorneys' Eyes' Only material from *LifeCell* with TELA Bio or its counsel in this matter because of the *LifeCell* protective order.

4. I understand from Duane Morris that it has searched for the materials in its possession that may be responsive to BD's request for TELA Bio's interrogatory responses, employee testimony, and expert reports from *LifeCell*. I also understand that after BD filed its Motion to Compel Production in Response to Request for Production No. 46, Duane Morris conducted a further search of its files.

5. Based on the results of that further search, as relayed to me by Duane Morris, I understand that there are 71 potentially responsive *LifeCell* deposition transcripts, comprising more than 16,000 pages, though some of those transcripts may reflect the testimony of non-TELA Bio employees (and thus may be nonresponsive to BD's request, as framed in its motion). I also understand from Duane Morris's further review that 55 of those transcripts are designated as Confidential or Attorneys' Eyes' Only under the *LifeCell* protective order.

6. I further understand from Duane Morris that its files also contain TELA Bio interrogatory answers and four expert reports, and that the expert reports are each designated as Attorneys' Eyes' Only.

7. Attached hereto as Exhibit 1 is what I understand to be a true and correct copy of TELA Bio's Responses and Objections to Plaintiff's First Set of Interrogatories in *LifeCell*.

8. Attached hereto as Exhibit 2 is a true and correct copy of a press release issued by TELA Bio on November 21, 2016, titled "TELA Bio Announces Settlement of Litigation with LifeCell."

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 10, 2026, in Arlington, Virginia.

*/s/ Matthew D. Reade*
Matthew D. Reade